### The Illinois Central Railroad Company

*v.*

### The People of the State of Illinois.

*Filed at Springfield June 12, 1880.*

1. Constitutional law—*power to regulate charges of railroads.* The act of May 2, 1873, to prevent extortion and unjust discrimination in railroads, is a constitutional enactment, and is not in violation of the contract between the State and railroad companies, growing out of the granting and accepting their charters containing power to establish such rates of toll for the conveyance of persons and property as they shall, from time to time, direct and determine in the by-laws.

2. The charter of a corporation is, beyond a doubt, a contract, by which the corporation acquires the powers and functions to transact its business in the mode prescribed, but this is, by necessary implication, subject, the same as in case of natural persons, to the legislative power of the State to define, prohibit and punish extortion.

Appeal from the Circuit Court of Douglas county; the Hon. Oliver L. Davis, Judge, presiding.

Mr. Geo. Trumbull, Mr. Geo. W. Wall, and Mr. John N. Jewett, for the appellant.

Mr. James K. Edsall, Attorney General, for the People.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action against the Illinois Central Railroad Company, under the statute of this State of May 2, 1873, "to prevent extortion and unjust discrimination," etc. Judgment was rendered against the defendant for $1000, and defendant appeals.

It is insisted that the count in the declaration under which judgment was given is defective. The case was, by agreement, tried upon an agreed state of facts set out in the record, to which is added the following:

"If, upon the foregoing facts, this court finds for plaintiff, it is agreed that a fine of $1000 may be assessed by the court,

and should the court find for defendant, the judgment is to be entered accordingly."

There was no plea filed. Both parties submitted the case on the agreed statement of facts, under the 17th count of the declaration.

I am directed by the court to say, that a majority of the court think the count in question is sufficient to sustain the judgment.

The proofs in the record show clearly a violation of the statute, and the only question as to the propriety of the judgment depends upon the constitutional power of the General Assembly to pass the law.

It is insisted that the act is a violation of a contract between the State and the corporation, growing out of the granting and accepting of the charter of appellant.

The charter provides, that "the board of directors shall have power to establish such rates of tolls for the conveyance of persons and property upon the same (the road) as they shall, from time to time, by their by-laws direct and determine, and levy and collect the same for the use of said company;" and "in consideration of the grants, privileges and franchises conferred," it is declared, the corporation shall pay into the State treasury a certain per cent of its earnings.

It is insisted by appellant that the statute regulating these tolls is a violation of this contract. This depends upon the construction of the terms of the charter. Without a charter the corporation had no *capacity* to do any business whatever; no power to make contracts—to sue or be sued. This charter confers these functions and prescribes the mode of their exercise. A natural person, having permission to cross public highways, and owning the land necessary, may, without a charter, construct and operate a railroad, and has "power to establish such rates of tolls for the conveyance of persons and property upon the same" as he may, from time to time, determine, and may levy and collect the same for his own use. He is not, however, beyond or above the legislative power of the

State to pass laws prohibiting and punishing extortion, and, within reasonable limits, to define what shall be deemed extortion.

The charter of this corporation is, beyond a doubt, a contract, under the adjudged cases in this and other States, by which the corporation acquires the powers and functions to transact such business in the mode prescribed; but it is the opinion of a majority of the court that all this is, by necessary implication, subject, as all citizens are, to the legislative power of the State to define, prohibit and punish extortion. The reasons and authorities leading to this conclusion are presented and discussed in the case of *Ruggles* v. *The People,* 91 Ill. 256, and this case must be governed by that.

The judgment must be affirmed.

*Judgment affirmed.*

The writer of this opinion did not concur in the decision in that case, and does not concur in this.